UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-CV- 21878

LEANDRO JOSE DUNO PEREZ,

    Plaintiff,

vs.

NUNO DOLPHIN MALL, INC. d/b/a
ROTELLI'S PIZZA & PASTA and
NUNO BEIRA,

    Defendants.
_____/

## COMPLAINT FOR FLSA MINIMUM WAGE VIOLATION(S)

Plaintiff, Leandro Jose Duno Perez, sues Defendants, Nuno Dolphin Mall, Inc. d/b/a Rotelli's Pizza & Pasta and Nuno Beira, as follows:

### *Parties, Jurisdiction, and Venue*

1.  **Plaintiff, Leandro Jose Duno Perez**, is a *sui juris* resident of Miami-Dade County, Florida, who is over 18 years old. He was an employee of Defendants as the term "employee" is defined under Florida law who consents to participate in this lawsuit.

2.  **Defendant, Nuno Dolphin Mall, Inc.**, is a for profit Florida corporation that is *sui juris* and operated its restaurant business here, in Miami-Dade County, Florida, at all times material as Rotelli's Pizza & Pasta.

3.  **Defendant, Nuno Beira**, was at all material times a resident of Davie, Florida. He was and is a manager, owner, officer, director, and/or operator of the corporate Defendant for the relevant time period. He ran its day-to-day operations and was partially or totally responsible for paying Plaintiff's and the other servers' wages.

1

4. Defendants were Plaintiff's direct employers, joint employers and co-employers for purposes of the FLSA, as that term "employer" is defined by 29 U.S.C. §203 (d). All Defendants employed Plaintiff.

5. This Court has jurisdiction over Plaintiff's FLSA claims.

6. Venue is proper in this Court pursuant because Defendants transact business in Miami-Dade County, they maintain their office and principal places of business and/or live in Miami-Dade County, and also because Defendants employed Plaintiff in Miami-Dade County, with most of the actions complained of occurring within this County.

### *Common Background Factual Allegations*

7. Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

8. Defendants have been, at all times material, an enterprise engaged in interstate commerce in the course of their marketing, preparation, cooking, service, and sale of foodstuffs, produce, meats, fish, beverages, coffees, teas, alcoholic beverages, and products that have moved through interstate commerce.

9. Defendants cooked, prepared, and stored perishables and alcoholic beverages while using machinery, appliances, refrigeration goods and materials that also have moved through interstate commerce.

10. Furthermore, Defendants regularly and recurrently obtain, solicit, exchange and send funds to and from outside of the State of Florida, use telephonic transmissions going outside

of the State of Florida to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida.

11.  Defendants also utilized a website (http://www.rotellipizzapasta.com/about/), and social media accounts to advertise/market their restaurant to persons who live outside of the State of Florida but who will be visiting the area.

12.  Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.

13.  To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendants.

14.  Plaintiff worked for Defendants as a server from December 20, 2008 until January 14, 2019.

15.  Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while he worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendants in the course of his handling and serving food, produce, and beverages that traveled through interstate commerce while also regularly and recurrently utilizing computers, equipment, telephone lines, funds, and electronic transmissions that also traveled through interstate commerce.

16.  Plaintiff regularly, recurrently, and routinely processed credit card and ATM card payments utilizing communications that traveled outside of the State of Florida and operated a cash register to receive payments for selling food and beverages that traveled in interstate commerce prior to his sale of same.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
tel 305.230.4884   fax 305.230.4844
www.fairlawattorney.com

### *Liability*

17. If an employer satisfies the tip credit requirements, it may apply a portion of the employee's tips (up to a maximum of $3.02 per hour) to satisfy its obligation to pay its employees at least a minimum wage.

18. To utilize the tip credit, employers such as Defendants must allow their tipped employees to retain all of the tips they receive, except when there is a valid arrangement for "pooling of tips among employees who customarily and regularly receive tips." 29 U.S.C. § 203(m).

19. Employers such as Defendants must also notify their employees that they would be relying on the "tip credit" to make up the remaining $3.02 per hour.

20. If an employer fails to satisfy these requirements, it may not take advantage of the tip credit and must directly pay its tipped employees the full applicable minimum wage.

21. During his employment, Defendants utilized the tip credit to pay their servers at an hourly wage rate that was less than the applicable minimum wage and, while managing the "tip pool", distributed credit card tips collected from servers to traditionally non-tipped employees, including by distributing a percentage of the pooled tips to managers.

22. During the last three years, Defendants were not entitled to the tip credit because Plaintiff did not receive a wage of least $3.02 less than the applicable minimum wage from Defendants due to their practice of requiring Plaintiff to pay 35% of the credit card tips he received into a "tip pool", through which Defendants shared a portion of the tips with traditionally non-tipped employees, including 4% of the pooled tips to managers.

23. During the last three years, Plaintiff attended meetings and trainings at Defendants' restaurant, but was not paid the entirety of the applicable Minimum Wage (without reduction for the "tip credit) for all time spent in these meetings and trainings.

24. During the last three years, Plaintiff was required to spend hours at a time cleaning Defendants' restaurant, but was not paid the entirety of the applicable Minimum Wage (without reduction for the "tip credit) for all time spent in these cleaning sessions.

25. By failing to satisfy the requirements of 29 U.S.C. §203(m) during the last three years, Defendants were not eligible for the tip credit and were required to pay Plaintiff the full minimum wage required by the FLSA.

26. During the last three years, Defendants automatically deduced 1 hour for each double shift that Plaintiff worked for a meal break but did not provide Plaintiff with an uninterrupted break for 60 minutes, thereby failing to pay him for 1 hour each double shift that he worked.

27. As a direct and proximate result of Defendants' violations of the FLSA, as set forth above, Plaintiff is entitled to payment of the remainder of the applicable minimum wage plus all tips wrongfully or improperly held/distributed.

28. Defendants willfully and intentionally refused to pay Plaintiff the applicable minimum wage for all of the hours that worked during the relevant time period.

29. Defendants either knew from prior experience or recklessly failed to investigate whether their failure to pay Plaintiff the applicable a minimum wage for each of the hours worked during the relevant time period violated the FLSA and then failed to timely correct their violation.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
tel 305.230.4884   fax 305.230.4844
www.fairlawattorney.com

30. Any/all conditions precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

31. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

WHEREFORE Plaintiff, Leandro Jose Duno Perez, demands the entry of a judgment in his favor and against Defendants, Nuno Dolphin Mall, Inc. and Nuno Beira, jointly and severally, after trial by jury and as follows:

a. That Plaintiff recover compensatory minimum wage damages and an equal amount of liquidated damages for all overtime work performed for the Defendants as provided under the law and in 29 U.S.C. §216(b);

b. That Plaintiff recover the tips wrongfully shared/distributed to traditionally non-tipped employees, the "house", and/or managers;

c. That Plaintiff recover pre-judgment interest if he is not awarded liquidated damages;

d. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

e. That the Defendants be Ordered to make the Plaintiff whole by providing appropriate minimum wage pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

f. All interest allowed by law; and

g. Such other and further relief as the Court deems just and proper.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues so triable.

Dated this 9th day of May 2019.

                                              Respectfully Submitted,

                                              Brian H. Pollock, Esq.
                                              Brian H. Pollock, Esq.
                                              Fla. Bar No. 174742
                                              brian@fairlawattorney.com
                                              FAIRLAW FIRM
                                              7300 N. Kendall Drive
                                              Suite 450
                                              Miami, FL 33156
                                              Tel:    305.230.4884
                                              *Counsel for Plaintiff*